UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
OMEGA MORGAN, INC.,                     )   No. C14-556RSL
                                        )
                    Plaintiff,          )
         v.                             )   ORDER GRANTING IN PART
                                        )   DEFENDANTS' MOTION FOR
JAROD AUSTIN HEELY, et al.,             )   PARTIAL SUMMARY JUDGMENT
                                        )
                    Defendants.         )
_____)

## I. INTRODUCTION

This matter comes before the Court on defendants' "Motion for Partial Summary Judgment." Dkt. #25. Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It need not "produce evidence showing the absence of a genuine issue of material fact" but instead may discharge its burden under Rule 56 by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

that there is a genuine issue for trial." Id. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient"; the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal citations omitted).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

## II. BACKGROUND

Plaintiff employed defendants on an at-will basis until defendants left the company on March 31, 2014. Heely Decl. (Dkt. #26) ¶ 11; Hill Decl. (Dkt. #27) ¶ 9. Defendant Heely initially started working for plaintiff in 2000. Heely Decl. (Dkt. #26) ¶ 3. Defendant Heely worked for plaintiff for several years before leaving in early 2011. Heely Decl. (Dkt. #26) ¶ 7. He was rehired in late September 2011. Id.; Ryan Decl. (Dkt. #36) ¶ 16. At some point after his rehiring, defendant Heely was given an employee manual outlining plaintiff's policies. On October 10, 2011, he signed an acknowledgment form stating that he agreed to follow plaintiff's policies, including "maintain[ing] in confidence all proprietary information." Ryan Decl. (Dkt. #36) Ex. D. Defendant Hill was hired by plaintiff in 2003. Ryan Decl. (Dkt. #36) ¶ 17. On January 25, 2006, she signed an acknowledgment form regarding plaintiff's policies in the employment manual, including plaintiff's confidentiality policy. Ryan Decl. (Dkt. #36) Ex. E.

Before they left plaintiff's employ, defendants began setting up their own business in the same industry. Heely Decl. (Dkt. #26) ¶ 10; Hill Decl. (Dkt. #27) ¶ 8. Defendants' new business competed with plaintiff and obtained business from at least one of plaintiff's clients. This included soliciting and contracting with SGL Automotive Carbon Fibers LLC (SGL) for

work that was originally given to plaintiff. Ryan Decl. (Dkt. #36) Ex. F.

Plaintiff brought suit alleging, inter alia, that defendants misappropriated confidential information, misused company property, and interfered with its contracts. Compl. (Dkt. #1). Defendants now move for partial summary judgment. Motion (Dkt. #25).

### III.  ANALYSIS

Defendants seek summary judgment on plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. In addition, defendants contend that the Washington Uniform Trade Secrets Act (WUTSA), RCW 19.108.010 et seq., preempts plaintiff's claims for conversion; violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030; violation of the Stored Communications Act (SCA), 18 U.S.C. § 2701 et seq.; breach of fiduciary duty and the duty of loyalty; breach of confidential relationship; and intentional interference with a contractual relationship and business expectancy.

**A.  Breach of Contract**

Defendants assert that they did not enter into a contract with plaintiff for the protection of confidential information. They first argue that the confidentiality provisions are spelled out in the employee manual, which did not constitute a binding contract. Motion (Dkt. #25) at 5–6. Second, they argue that their signed acknowledgments relating to the employee manual provisions are not enforceable due to lack of consideration.[1] Id. at 6–7.

The Court rejects defendants' first argument. Washington courts have recognized that an employee policy manual may create binding obligations on employers and employees in two situations: (1) when the parties agree to be bound by the policies or (2) when the employee

---

[1] Defendants advance new arguments in their reply to support their motion for summary judgment on the breach of contract claim. These include the contention that plaintiffs were not employed by defendant and that defendant did not create the employee manual. Reply (Dkt. #37) at 2. The Court will not consider these claims or the declaration that accompanies plaintiffs' reply. See Bazuaye v. I.N.S., 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). It is especially inappropriate to threaten to file a motion to seek Rule 11 sanctions as counsel for defendants did at the close of his reply brief, Dkt. #37 at 12.

justifiably relies on a promise of specific treatment contained in a policy manual. Duncan v. Alaska USA Fed. Credit Union, Inc., 148 Wn. App. 52, 60 (2008). Only the first scenario is implicated in the present case. The Washington State Supreme Court has held that "an employee and employer can contractually obligate themselves concerning provisions found in an employee policy manual and thereby contractually modify the [employment] relationship." Thompson v. St. Regis Paper Co., 102 Wn.2d 219, 228–29 (1984). Here, both defendants signed separate acknowledgments that they would specifically abide by plaintiff's confidentiality policy. Ryan Decl. (Dkt. #36) Exs. D, E. The Court rejects defendants' argument that the employee manual could not create a binding obligation because the manual contained a disclaimer. Because defendants signed separate formal acknowledgments agreeing to be bound to plaintiff's policies, defendants' acknowledgments may operate as contracts in Washington.

Defendants' also argue that the acknowledgments themselves cannot operate as binding contracts because they lack independent consideration. "The general rule in Washington is that contracts signed when an employee is first hired, such as non-competition agreements, arbitration clauses, and confidentiality provisions, are supported by consideration." E.E.O.C. v. Fry's Electronics, Inc., No. C10-1562RSL, 2011 WL 666328, at *1 (W.D. Wash. Feb. 14, 2011) (citing Labriola v. Pollard Grp., Inc., 152 Wn.2d 828, 834 (2004)). At the time of first hiring, consideration exists because the parties exchange promises and obligations: "the employer promises to hire the employee in exchange for the employee's promise to comply with policies, procedures, and terms set forth in the contract." Int'l Paper Co. v. Stuit, No. C11-2139JLR, 2012 WL 1857143, at *3 (W.D. Wash. May 21, 2012). A contract entered into after employment or a modification of an existing employment contract will be enforced if it is supported by independent, additional consideration. Labriola, 152 Wn.2d at 834. "Independent consideration involves new promises or obligations previously not required of the parties" and "may include increased wages, a promotion, a bonus, a fixed term of employment, or perhaps access to protected information." Id.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

Defendant Heely worked for plaintiff for several years before leaving the company in early 2011. Heely Decl. (Dkt. #26) ¶ 7. He was rehired in late September 2011. Id. ¶ 8. On October 10, 2011, he signed a form acknowledging receipt of plaintiff's employee manual and agreeing to abide by the confidentiality policy. Ryan Decl. (Dkt. #36) Ex. D. Otherwise valid non-compete agreements are enforceable if signed "when he or she is first hired." Labriola, 152 Wn.2d at 834. It is not usual for an employee to continue to finalize his employment documents in the days after he begins work. See Nw. Mobile Servs., L.L.C. v. Schryver Med. Sales & Mktg., No. C06-5227RBL, 2006 WL 1799620, at *2 (W.D. Wash. June 28, 2006) (holding non-compete agreement signed six days after employment began was "signed when first hired"). Here, defendant Heely signed an acknowledgment agreeing to "maintain in confidence all proprietary information." Ryan Decl. (Dkt. #36) Ex. D. Given that defendant Heely signed this form during the first two weeks of his employment, the Court cannot as a matter of law find that Heely did not sign the acknowledgment when he was "first hired." Accordingly, this Court denies defendants' request for summary judgment with respect to defendant Heely.

Ms. Hill was hired in 2003. Ryan Decl. (Dkt. #36) ¶ 17. Plaintiff presents a signed acknowledgment form from 2006 to support its breach of contract claim. Ryan Decl. (Dkt. #36) Ex. E. The only evidence that the Court can consider under Fed. R. Civ. P. 56(c) comes in the form of agreements signed after defendant's employment commenced.[2] Thus, the acknowledgment required independent consideration to be enforceable. Plaintiff has not

---

[2] The Court cannot consider plaintiff's contention that oral agreements at the time of hiring included confidentiality agreements because plaintiff has failed to provide admissible evidence to support this claim. See Fed. R. Civ. P. 56(c)(4). Charles Ryan, plaintiff's CFO, states that defendants were "verbally instructed and admonished by their Omega managers to maintain the confidentiality of Omega confidential and proprietary information. Heely and Hill agreed to maintain this information in confidence." Ryan Decl. (Dkt. #36) ¶ 18. However, Ryan does not establish the requisite basis of personal knowledge as he does not state that he was one of defendants' managers who gave the instruction nor that he witnessed the agreement. Furthermore, defendants deny entering into oral confidentiality agreements at that time. Accordingly, Ryan has not established personal knowledge of the oral agreements made between plaintiff and defendants.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

supplied the Court with any evidence of independent consideration as to defendant Hill. Accordingly, the acknowledgment form does not constitute an enforceable contract. The Court grants summary judgment on this issue with regard to defendant Hill.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

Washington courts recognize "the obligation of good faith in the performance of express terms in employment contracts." Barrett v. Weyerhaeuser Co. Severence Pay Plan, 40 Wn. App. 630, 636 n.6 (1985). However, Washington law does not "endorse the view that an implied covenant of good faith and fair dealing limits an employer's discretion in terminating an at will employee, nor that a 'bad faith' discharge is actionable in tort." Id. (citing Thompson, 102 Wn.2d at 231–33).

Defendants assert that their at-will employment status means that their employment contracts cannot contain implied covenants of good faith and fair dealing as a matter of Washington law. Defendants cite a number of cases from this District to support this proposition, all of which cite the Washington State Supreme Court's decision in Thompson. The holding in Thompson is not as broad as defendants claim. Rather, it stands for the proposition that an employer is not limited by an implied covenant of good faith and fair dealing in terminating an at-will employee. Thompson, 102 Wn.2d at 227–33. Thompson does not stand for the proposition that an at-will employee, while still employed, is free from a covenant of good faith and fair dealing.

In this case, defendants were hired based on oral agreements. Heely Decl. (Dkt. #26) ¶ 3; Hill Decl. (Dkt. #27) ¶ 3. The parties have not specified the express terms of the oral agreements. However, at this stage of the proceedings, the existence of an agreement is sufficient to indicate the existence of an implied covenant of good faith and fair dealing. As an agreement for at-will employment, either party could have terminated the employment relationship at any time. Thompson, 102 Wn.2d at 233. While the relationship existed, the express terms of the oral employment contracts between the parties were accompanied by an

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

implied covenant of good faith and fair dealing under Washington law.  Consequently, based on the incomplete record of what those terms were, the Court denies summary judgment as to this claim.

**C.  Preemption of Other Claims by the Washington Uniform Trade Secrets Act**

The Washington Uniform Trade Secrets Act (WUTSA) "displaces conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret."  RCW 19.108.900(1).  The Act does not displace "[c]ontractual or other civil liability or relief that is not based upon misappropriation of a trade secret."  RCW 19.108.900(2)(a).  Accordingly, "[a] plaintiff 'may not rely on acts that constitute trade secret misappropriation to support other causes of action.'"  Thola v. Henschell, 140 Wn. App. 70, 82 (2007) (quoting Ed Nowogroski Ins., Inc. v. Rucker, 88 Wn. App. 350, 358 (1997), aff'd, 137 Wn.2d 427 (1999)).  In order to analyze WUTSA preemption, Washington Courts "(1) assess the facts that support the plaintiff's civil claim; (2) ask whether those facts are the same as those that support the plaintiff's [WUTSA] claim; and (3) hold that the [WUTSA] preempts liability on the civil claim unless the common law claim is factually independent from the [WUTSA] claim."  Id.  "[P]roper application of this three-step analysis precludes duplicate recovery for a single wrong."  Id.

Plaintiff bases its WUTSA claim on contentions that defendants "have openly misappropriated Omega's trade secret information, including copying and taking with them confidential customer lists and other data acquired during their employment with Omega, for the improper purpose of furthering" their new business.  Response (Dkt. #35) at 13.

Defendants argue that plaintiff's WUTSA claim preempts plaintiff's claims for conversion, violation of the Computer Fraud and Abuse Act (CFAA), violation of the Stored Communications Act (SCA), breach of fiduciary duty and the duty of loyalty, breach of confidential relationship, and intentional interference with a contractual relationship and business expectancy.  Motion (Dkt. #25) at 8–12.  Defendants argue that plaintiff presents the

same facts in support of its WUTSA claim and these additional claims.  Id.

### 1. Conversion

Conversion is the "unjustified, willful interference with a chattel which deprives a person entitled to the property of possession." In re Marriage of Langham & Kolde, 153 Wn.2d 553, 564 (2005) (citation omitted).  The term "chattel" encompasses "both tangible and intangible goods, such as corporate property." Lang v. Hougan, 136 Wn. App. 708, 718 (2007).

Plaintiff argues that its conversion claims are not preempted by WUTSA because the defendants "used and interfered with Omega property—including Omega computers, telephones, servers and physical files—without authorization from Omega in order to form their competing business." Response (Dkt. #35) at 17.  Because this misuse of company property was independent of the misuse of plaintiff's trade secret information, plaintiff argues it has established a cause of action separate from and independent of its WUTSA claims. Id.  The Court rejects plaintiff's argument.  Plaintiff failed to plead conversion of its computers and telephones in its complaint and cannot raise these arguments now.  Furthermore, even if plaintiffs had pled this conduct in its complaint, plaintiffs have failed to show how defendants' actions interfered with plaintiff's possessory interest in its phones and computers.

Plaintiff's complaint alleges only that defendants unlawfully interfered with plaintiff's possessory interest in its computer files.  Compl. (Dkt. #1) at ¶¶ 55–61.  Plaintiff pleads that defendants converted its computer files by improperly sending files to defendants' personal email addresses, deleting files, and taking files with them when they left plaintiff's employ. Id.  Plaintiff supports this allegation with the Declaration of Charles Ryan, who states that defendants used plaintiff's customer lists, customer contact information, and rate sheets.  Ryan Decl. (Dkt. #36) at ¶ 29.  Plaintiff has not shown that the use of these documents is factually distinct from the misuse of "customer lists and other data" upon which plaintiff bases its WUTSA claims.  As plaintiff has failed to specifically identify any documents that defendants improperly used that plaintiffs do not also claim are protected as trade secrets, plaintiff has not

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

met its burden to show its conversion claim is not preempted. Therefore, the Court grants defendants' motion for summary judgment.

### 2. Computer Fraud Claims

The SCA "provides a civil action for someone who intentionally accesses an electronic communication service either without authorization or in excess of authorization and thereby obtains access to an electronic communication stored on that service." 3BA Int'l LLC v. Lubahn, No. C10-829RAJ, 2012 WL 2317563, at *7 (W.D. Wash. June 18, 2012) (citing 18 U.S.C. § 2701(a)). The CFAA provides a cause of action when someone "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access . . . ." 18 U.S.C. § 1030(a)(4).

Plaintiff states that it has an independent cause of action under these statutes because defendants (1) used company servers to copy confidential information and (2) deleted files on the company computer system. Response (Dkt. #35) at 18–19. Plaintiff supports this allegation with the Declaration of Charles Ryan, who states that a forensic analysis revealed that defendants copied files and "wiped" their company computers before returning them to plaintiff. Ryan Decl. (Dkt. # 36) ¶¶ 29–30. The Court find enough in Ryan's declaration to support an evidentiary basis to raise a fact issue here that files were copied or computers wiped.

Looking to the evidence put forth in the Declaration of Charles Ryan, this Court finds that plaintiff's claim is, in part, preempted by WUTSA. Plaintiff's allegations that defendants used company servers to copy confidential information rests on the same factual basis as plaintiff's WUTSA claims. Specifically, plaintiff bases its WUTSA claim on the factual allegation that defendants "have openly misappropriated Omega's trade secret information, including copying and taking with them confidential customer lists and other data acquired during their employment with Omega . . . ." Response (Dkt. #35) at 13. Because plaintiff has failed to establish independent factual grounds, plaintiff's claims under the SCA and the CFAA based on the unauthorized copying of confidential files are preempted by WUTSA. However, plaintiff's

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 9

allegation that the defendants "wiped" their computers of information prior to terminating their employment with plaintiff, is supported by an independent factual basis. Plaintiff does not allege that the deletion of files constitutes a misappropriation of plaintiff's trade secrets. Thus, the Court denies summary judgment on plaintiff's claims under the SCA and the CFAA for unauthorized deletion of files.

### 3. Breach of Fiduciary Duty and the Duty of Loyalty

"During the period of his or her employment, an employee is not 'entitled to solicit customers for [a] rival business . . .' or to act in direct competition with his or her employer's business." Kieburtz & Associates, Inc. v. Rehn, 68 Wn. App. 260, 265 (1992) (quoting Restatement (Second) of Agency § 393 cmt. e (1958)). In this case, plaintiff alleges that defendants, while employees, solicited plaintiff's current customers for their new business. Dkt. #35 at 15–16. This allegation is supported by facts independent of the WUTSA claim, including the fact that defendants started their new business on February 15, 2014, but left the employ of plaintiff on March 31, 2014. Heely Decl. (Dkt. #26) ¶ 11; Hill Decl. (Dkt. #27) ¶ 9. Further, plaintiff presents evidence that defendants solicited and received the business of one of plaintiff's clients, SGL, during defendants' employment. Ryan Decl. (Dkt. #36) Ex. F. Therefore, the Court denies summary judgment as to plaintiff's breach of the duty of loyalty claim. Since plaintiff has not continued to assert a breach of fiduciary duty, the Court grants summary judgment as to this claim.

### 4. Breach of Confidential Relationship

"In Washington, . . . a duty of confidentiality claim can be brought independently of a UTSA claim." LaFrance Corp. v. Werttemberger, No. C07-1932Z, 2008 WL 5068653, at *3 (W.D. Wash. Nov. 24, 2008). Plaintiff has placed facts in the record that support its contention that defendant Heely, by virtue of signing the acknowledgment upon rehire, owed plaintiff a duty of confidentiality. That confidential relationship protected information that was not subject to protection as a trade secret, such as information about customers. See Ryan Decl. (Dkt. #36)

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 10

Ex. A. Plaintiff argues that its claims for breach of a confidential relationship are independent from its WUTSA claims because the defendants were provided access to information about customers that did not amount to trade secrets. Id. However, plaintiff has again failed to specify any facts indicating that defendant Heely misused or disclosed information that plaintiffs have not also argued is legally protected as a trade secret. Thus, to the extent plaintiff states a claim against defendant Heely for the breach of a confidential relationship that is based on the unauthorized disclosure of confidential information that plaintiff argues is a legally-protected trade secret, this claim is preempted.

As to defendant Hill, this Court finds that plaintiff has produced no evidence of a confidential relationship. See Section III.A. Washington courts have recognized that "[t]he nature of the employment relationship imposes a duty on employees and former employees not to use or disclose the employer's trade secrets." Ed Nowogroski Ins., Inc. v. Rucker, 137 Wn.2d 427, 439 (1999). However, any claim based on the disclosure or use of plaintiff's trade secrets would be preempted by WUTSA. Plaintiff has put forth no evidence that defendant Hill had a confidential relationship with plaintiff not to disclose information that was not legally-protected as a trade secret. Accordingly, the Court grants summary judgment on plaintiff's breach of confidential relationship claim as to both defendants.

**5. Intentional Interference with a Contractual Relationship and Business Expectancy**

A plaintiff must satisfy five elements to put forth a claim for tortious interference with a business expectancy: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damages. Westmark Dev. Corp. v. City of Burien, 140 Wn. App. 540, 557 (2007). Plaintiff has offered evidence independent of its WUTSA claim to support this claim, namely in the "change order"

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 11

form that demonstrates defendants' adverse impact on plaintiff's business relationship with SGL. Ryan Decl. (Dkt. #36) Ex. F. This evidence does not support a trade secret claim, but rather supports the allegation that defendants interfered with plaintiff's contract with SGL. Therefore, the Court denies summary judgment as to this claim.

## IV.  CONCLUSION

For all of the foregoing reasons, defendants' motion for summary judgment (Dkt. #25) is GRANTED in part. Summary judgment is GRANTED on the following claims to defendant Hill: breach of contract, conversion, violation of the Stored Communications Act for unauthorized file copying, violation of the Computer Fraud and Abuse Act for unauthorized file copying, breach of confidential relationship, and breach of fiduciary duty. Summary judgment is GRANTED on the following claims to defendant Heely: conversion, violation of the Stored Communications Act for unauthorized file copying, violation of the Computer Fraud and Abuse Act for unauthorized file copying, breach of confidential relationship, and breach of fiduciary duty.

Summary judgment is DENIED with regard to the following claims against defendant Hill: breach of the implied covenant of good faith and fair dealing, violation of the Stored Communications Act for unauthorized file deletion, violation of the Computer Fraud and Abuse Act for unauthorized file deletion, breach of the duty of loyalty, and intentional interference with a contractual relationship and business expectancy. Summary judgment is DENIED with regard to the following claims against defendant Heely: breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Stored Communications Act for unauthorized file deletion, violation of the Computer Fraud and Abuse Act for unauthorized file deletion, breach of the duty of loyalty, and intentional interference with a contractual relationship and business expectancy.

Dated this 29th day of April, 2015.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 13